UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY GAMMAGE,

        Petitioner,

v.                              CASE NO. 09-13468
                               HONORABLE JOHN CORBETT O'MEARA

LLOYD RAPELJE,

        Respondent.
_____/

## OPINION AND ORDER DENYING THE HABEAS CORPUS PETITION AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

This matter is pending before the Court on petitioner Anthony Gammage's *pro se* habeas corpus petition under 28 U.S.C. § 2254. Petitioner is challenging an armed robbery conviction on the ground that his Fifth Amendment right to counsel was violated when the police interrogated him. Respondent argues in an answer to the petition that Petitioner's claim lacks merit and is foreclosed by his guilty plea. The Court agrees with Respondent that Petitioner is not entitled to relief. Accordingly, the habeas petition will be denied.

**I. Background**

Petitioner was charged in Wayne County, Michigan with armed robbery, assault with a dangerous weapon, and possession of a firearm during the commission of a felony. On February 7, 2007, he pleaded guilty to one count of armed robbery, *see* Mich. Comp. Laws § 750.529, in exchange for (1) the dismissal of the other charges, (2) the dismissal of a notice charging him with being a fourth felony offender, and (3) a sentence of twelve to thirty years in prison. On May 2, 2007, the trial court sentenced Petitioner, as agreed, to imprisonment for twelve to thirty

years. Petitioner raised his habeas claim in an application for leave to appeal, but the Michigan Court of Appeals denied his application "for lack of merit in the grounds presented." *People v. Gammage*, No. 285229 (Mich. Ct. App. June 11, 2008) (unpublished). On October 27, 2008, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue. *See People v. Gammage*, 482 Mich. 1035; 757 N.W.2d 100 (2008) (table).

Petitioner signed and dated his habeas corpus petition on August 27, 2009. His claim and the supporting facts read:

> Violation of 5th amendment rights
>
> I requested and was denied an attorney during an interrogation. No attempt was ever made to try and get me an attorney.

Pet. at 4-5. Petitioner elaborated more fully on this claim in his state court brief. He alleged that his guilty plea should be vacated because the trial court erred in refusing to suppress his statement to the police. Petitioner maintained that the police continued to question him after he asked for a lawyer. Petitioner also alleged that his guilty plea was coerced by the overwhelming likelihood that he would receive a lengthy prison sentence if he were convicted.

## II. Standard of Review

Petitioner is entitled to habeas corpus relief only if the state court's adjudication of his claims on the merits

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Under 28 U.S.C. § 2254(e)(1), a state court's determination of a factual

2

issue is presumed to be correct unless the habeas petitioner rebuts the presumption of correctness with clear and convincing evidence.

Granting a habeas petition under the "contrary to" clause is only appropriate "if the state court arrive[d] at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decide[d] a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 326, 412-13 (2000). A state court's decision is an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Instead, a habeas court must ask "whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409.

### III. Discussion

Petitioner's allegation that his right to counsel was violated during an interrogation by police officers does not entitle him to relief because

> [a] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). This is true even when the petitioner alleges that he was denied counsel during an interrogation after arrest. *McKnabb v. United States*, 551 F.2d 101, 102 n.1 (6th Cir. 1977); *see also United States v. White*, 136 Fed. Appx. 227, 228-229

(11th Cir. 2005) (stating that "[a] district court's refusal to suppress evidence is non-jurisdictional and is waived by a guilty plea"); *United States v. Wright*, 873 F.2d 437, 442 (1st Cir. 1989) (stating that "a guilty plea acts as a waiver of any challenge to the voluntariness of a confession"); *United States v. Montoyo-Robles*, 935 F. Supp. 1196, 1204 n.5 (D. Utah 1996) (concluding that the defendant's guilty plea waived any objection under *Miranda v. Arizona*, 384 U.S. 436 (1966)).

Furthermore, the record indicates that Petitioner's guilty plea was voluntary and intelligent. The Court of Appeals for the Sixth Circuit explained last year that:

> [a] defendant who pleads guilty waives a number of federal constitutional rights, including the right to a jury trial and the right to confront his accusers. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Because of the importance of these rights, reviewing courts must ensure that the defendant's waiver was knowing and voluntary. We therefore insist that the defendant appreciated the consequences of the waiver, did so without coercion, and understood the rights surrendered. *Brady v. United States,* 397 U.S. 742, 748-50, 90 S.Ct. 1463, 25 L. Ed. 2d 747 (1970); *Fautenberry v. Mitchell*, 515 F.3d 614, 636-37 (6th Cir. 2008). Specifically, guilty pleas "not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady*, 397 U.S. at 748, 90 S. Ct. 1463. The Supreme Court defines a voluntary plea as one "entered by one fully aware of the direct consequences." *Id*. at 755, 90 S. Ct. 1463.
>
> While a defendant need not know all the possible consequences of his plea, like the loss of his right to vote or own a gun, or the effect on future sentence, he must be aware of the maximum sentence to which he is exposed. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994); *Hart v. Marion Corr. Inst*., 927 F.2d 256, 259 (6th Cir. 1991). And, "[a]t a minimum, the defendant must understand the 'critical' or 'essential' elements of the offense to which he or she pleads guilty." *United States v. Valdez*, 362 F.3d 903, 909 (6th Cir. 2004) (citing *Bousley v. United States*, 523 U.S. 614, 618-19, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). The satisfaction of these requirements cannot be inferred from the bare fact that the defendant pleaded guilty, because he still might not have known what he was giving up when he did so. *Boykin*, 395 U.S. at 243, 89 S. Ct. 1709.

*Ruelas v. Wolfenbarger*, 580 F.3d 403, 408-09 (6th Cir. 2009), *cert. denied*, __ S. Ct. __, No. 09-882, 2010 WL 285693 (U.S. May 24, 2010).

At the plea in this case, Petitioner's attorney and the trial court explained the terms of the plea agreement. Petitioner claimed to understand the agreement, as well as, the rights he was waiving by pleading guilty. He stated that no other promises were made to him and that no one had threatened him. Petitioner also provided a factual basis for his plea, thereby demonstrating that he understood the charge to which he was pleading guilty. The trial court informed Petitioner of the direct consequences of his plea, including the maximum sentence that could be imposed and the fact that his sentence would run consecutively to his sentence for violating parole. Petitioner stated that he was pleading guilty because he was guilty, and at his sentencing, he apologized to the trial court "for what happened." (Tr. May 2, 2007, at 4.)

Petitioner's "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). And because the record indicates that he pleaded guilty with sufficient awareness of the offense, the relevant circumstances, and the likely consequences of his plea, his guilty plea was voluntary and intelligent. His plea was not invalid simply because he wanted to avoid the possibility of a more severe penalty if he went to trial and were convicted. *Brady*, 397 U.S. at 755.

### IV. Conclusion

The state appellate court's determination that Petitioner's claim lacked merit did not result in an unreasonable determination of the facts and was not contrary to, or an unreasonable application of, Supreme Court precedent. Accordingly, the petition for a writ of habeas corpus [Dkt. #1] is **DENIED**. The Court declines to issue a certificate of appealability because reasonable jurists would not disagree with the Court's resolution of Petitioner's claim, nor conclude that the issue warrants encouragement to proceed further. *Banks v. Dretke*, 540 U.S.

5

668, 674 (2004) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).  However, if Petitioner chooses to appeal this opinion, he may proceed *in forma pauperis* on appeal without further authorization from this Court because he was granted *in forma pauperis* status when he filed his habeas petition.  Fed. R. App. P. 24(a)(3).

                                            s/John Corbett O'Meara\
                                            JOHN CORBETT O'MEARA\
                                            UNITED STATES DISTRICT JUDGE

Dated: July 6, 2010

I hereby certified that the foregoing document was served electronically upon counsel of record and mailed to Anthony Gammage #197006, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623..

                                            s/Felicia Moses for William Barkholz\
                                            Case Manager